```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN PARISE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALEX E. SUAREZ,<br>FAMILY OFFICE PARTNERS, LLC,<br>FAMILY OFFICE PARTNERS, INC.,<br>THE MERCHANT BANKERS CLUB II, LLC,<br>PRIVATE MERCHANTBAKERS II, LLC,<br>MERCHANTBANQUIERS CLUB, INC.,<br>PRIVATE BORROWERS CLUB II, LLC,<br>JOHN DOE, AND ABC CORPORATION,<br>jointly, severally, and in the<br>alternative,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>17-6936 (JBS-JS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SIMANDLE, District Judge:**

    This matter is before the Court upon Plaintiffs' Motion for Default Judgment as to all defendants, filed May 25, 2018 [Docket Item 12], and correspondence received from defendant Alex E. Suarez, Pro Se, in opposition thereto dated June 14, 2018 [Docket Item 13], a reply thereto by plaintiffs' counsel Ronald DeSimone, Esq., dated June 25, 2018 [Docket Item 14], and a reply thereto by Mr. Suarez dated July 11, 2018 [Docket Item 15].

    1.    Plaintiffs John Parise, Michael Parise, and Cooper Beech Financial Group, LLC ("Plaintiffs") filed the Complaint herein on September 11, 2017, alleging that Defendants Alex E. Suarez; Family Office Partners, Inc.; Family Office Partners, LLC; The Merchant Bankers Club II, LLC; Private Merchantbankers II, LLC;

Merchantbanquiers Club, Inc.; and Private Borrowers Club II, LLC, together with unidentified parties John Doe and ABC Corporation, are liable for alleged Fraud at the Inducement of Contract (First Count), Contractual Fraud (Second Count), Breach of Implied Covenant of Good Faith and Fair Dealing Under Contract (Third Count), and Conversion (Fourth Count).

2. Damages are sought in excess of $75,000 and Plaintiffs assert that this Court has diversity jurisdiction, 28 U.S.C. § 1332 as Plaintiffs are New Jersey citizens and Defendants are citizens of states other than New Jersey, namely Georgia and/or Delaware. The Complaint also seeks equitable relief, including "to dissolve the entity Family Office Partners, Inc., remove the plaintiffs as officers and directors together with double damages, reasonable attorney's fees, costs of suit, removal of their names from the CRD, registration with FINRA and/or SEC, Form Adv and any other relief that the Court deems just and equitable." Complaint ¶ 40; see also ¶¶ 30, 34, and 38.

3. All Defendants were served personally or by registered agents on various dates: Alex Suarez, Family Office Partners, Inc., Family Office Partners, LLC, and The Merchant Bankers Club II, LLC (all on September 26, 2017); Defendant Private Borrowers Club II, LLC (on September 18, 2017); and Defendant Merchantbanquiers Club, Inc. (on October 3, 2017). [See Returns of Service Executed (Docket Items 4, 5, and 6).]

4. No party answered or otherwise pled to the Complaint, and Plaintiffs' Request to Enter Default [Docket Item 7] was initially granted by the Clerk of court as to all Defendants on November 21, 2017; however, the Hon. Joel Schneider, U.S. Magistrate Judge, granted Defendant Suarez's request for a brief extension of time to respond to the pleadings on November 22, 2017 [Docket Item 9], extending Defendants' deadline until December 22, 2017. (Id.) An attorney, Christian J. Jensen, Esq., filed a letter with Judge Schneider on November 21, 2017 requesting an extension for all corporate entities, which was granted, extending the deadline to December 22, 2017. Attorney Jensen was not heard from again and has not entered an appearance.[1]

5. When no response was forthcoming, Plaintiffs' request for entry of default against all Defendants was entered on December 28, 2017 [Docket Item 10].

6. Plaintiffs' counsel filed the present motion for default judgment as to all Defendants on May 25, 2018 [Docket Item 12], sending copies of same to Mr. Suarez and to each defendant corporate entity. (Certification of Service, Docket Item 12-16.)

7. Only Defendant Suarez has replied to this motion, in letters filed June 25, 2018 [Docket Item 13] and July 18, 2018

---

[1] Attorney, Jensen, by letter to Mr. DeSimone dated Jan. 3, 2018, refused to accept Plaintiffs' request for entry of default, claiming to not represent any defendant in the action. [Docket Item 12-2.]

[Docket Item 15]. Mr. Suarez claims he has moved to a new address -- 92 W. Paces Ferry Rd., NW, Unit 8009, Atlanta, GA 30305, and that notice of this motion to him was late. The Court will consider Suarez's tardy responses given his relocation to the new address. Mr. Suarez admits he was served with the Complaint and that he has not answered the Complaint, believing incorrectly that the parties were in settlement discussions due to an offer he made to Plaintiff John Parise, apparently in 2017. Mr. Suarez purported to speak not only for himself but for Family Office Partners, Inc. (See Suarez Letter filed June 27, 2018.) Mr. Suarez asserts that he would intend to file valid motions to dismiss for lack of jurisdiction and to compel arbitration in Georgia under a contractual arbitration clause; he asserts he has been "named individually (frivolously) as one of the defendants" and claims he has a "right to answer the complaint pro se and by extension foreshadow what my corporate answer to the complaint might be." (Suarez Letter filed July 18, 2018.)

8. Plaintiffs, through Mr. DeSimone, responded to Mr. Suarez pointing out that Suarez was in fact served with the default judgment motion papers as of May 29, 2018. Plaintiffs correctly point out that Defendant Suarez and the other named defendants were served with the Complaint long ago and have been in default and lack standing to raise any substantive arguments in opposition to the default judgment motion. (Letter of Ronald

4

DeSimone, Esq., dated June 25, 2018, Docket Item 14.) Mr. DeSimone has also indicated that Mr. Suarez moved without informing him of his new address (Id.)

9. The Court finds that Mr. Suarez and the other named defendants are all in default. Mr. Suarez may represent himself pro se, since he is individually named in the Complaint. Mr. Suarez may not represent the other Defendant entities which are in corporate form including LLC's and other corporations; such entities may only appear in this court through an attorney who is a member of the bar of this Court, in accordance with 28 U.S.C. § 1654 and Local Civil Rule 101.1(a) & (b).

10. The Court will not consider Mr. Suarez's defenses unless and until his default is lifted and he files appropriate pleadings. He has, without just cause, ignored the duty to respond to the Complaint, even after his time to do so was twice extended. He has been in default since December 22, 2017. His excuse, that he thought his answering deadline was suspended indefinitely because he made some sort of settlement offer, is not sufficient, especially where there is no record of attempted, ongoing settlement negotiations. The failure to retain counsel for the entity defendants notwithstanding Attorney Jensen's expectation of being retained as disclosed in his letter to Judge Schneider on November 21, 2017 [Docket Item 9], upon which Judge Schneider relied in granting Attorney Jensen's request for

extension (see ¶ 4 and n.1, supra), further shows a decision by these defendants to not take steps necessary to defend this suit.

    11.    Furthermore, none of Mr. Suarez's claims are made under oath, nor are his defenses supported at this time by legal citation and reasoning.  A party seeking relief from default under Rule 55(c), Fed. R. Civ. P., must either obtain the plaintiff's consent or file a proper motion, upon due notice, and must address the following:  (a) whether the defaulted defendant has acted in good faith; (b) the timing of the defendant's motion for relief; (c) whether the defendant may have a meritorious defense; and (d) whether the plaintiff would be unduly prejudiced by relieving the defendant from default.  10A Wright, Miller & Kane, Federal Practice and Procedure, § 2694 at 117 (1998 ed.) (summarizing cases).  Defendant Suarez's letters fail these tests.

    12.    Since he is not an attorney, Mr. Suarez may be unaware of these requirements.  He is encouraged to consult and/or retain an attorney admitted to the bar of this Court.  He may, of course, enter his own appearance and represent himself and comply with the applicable rules for filing on our Electronic Case Filing system and all other Local Civil Rules, published on this Court's website, www.njd.uscourts.gov.  On the other hand, as noted above, the corporate entity defendants may only appear through an attorney who is a member of this court's bar, whose first task would be to file a motion setting aside the default under Rule

55(c), Fed. R. Civ. P.  The Court will extend to Mr. Suarez the opportunity to file his motion to set aside the default against him within fourteen (14) days of the entry of this Memorandum Opinion and Order.

13. Meanwhile, the proof hearing upon Plaintiffs' motion for default judgment against all defendants who then remain in default will be scheduled before the undersigned on **October 23, 2018 at 10 A.M.**  The motion for default judgment requires a proof hearing because it seeks fraud-related damages and attorney's fees and is not a mere book-account contractual claim.  Rule 55(b)(2), Fed. R. Civ. P.[2]  In addition to the Certification of Michael Parise [Docket Item 14] and the various documents attached to the Brief [Exs. A-C of Docket Item 12-2], the Court may need factual testimony elucidating the role played by each corporate entity giving rise to its alleged liability.  The Court also requests that Plaintiffs address the issue of this Court's jurisdiction and venue, especially whether an arbitration clause in the parties' agreement may require this dispute to be presented to a Georgia arbitrator, as claimed by Mr. Suarez; the Court highlights this question because it may be a jurisdictional issue, properly raised by the Court sua sponte, see Rule 12(h)(3), Fed. R. Civ. P., and because there may be an issue of proper venue under the parties'

---

[2] If Plaintiffs elect to narrow their default judgment motion to an award of compensatory damages, attorney's fees and costs, the default judgment proof hearing would be simplified.

venue-selection clause.  Plaintiffs' supplemental submission addressing jurisdiction and venue will be due on October 9, 2018, which is two weeks before the hearing.

14. Negotiations for Settlement.  The Court further requests that the litigants (Mr. DeSimone and Mr. Suarez or his attorney if represented, plus any attorney for the defendant corporate entities) speak with one another personally in a good faith attempt to resolve this matter without further litigation, within the next four weeks.  Such discussions in pursuit of settlement are confidential under Rule 408, Federal Rules of Evidence.  If the litigants mutually agree that a judicial settlement conference may be productive, they may request that the Honorable Joel Schneider, U.S. Magistrate Judge, convene a settlement conference at a mutually available time.

Accordingly, and for good cause shown;

**IT IS** this __8th__ day of **August, 2018** hereby

**ORDERED** that Defendant Suarez's letter-applications to set aside default [Docket Items 13 and 15] are DENIED; and it is further

**ORDERED** that Plaintiffs' motion for default judgment shall be scheduled for a proof hearing on **Tuesday, October 23, 2018 at 10:00 A.M. before the undersigned in Courtroom 4A**; and it is further

**ORDERED** that any motion by Defendant Alex E. Suarez or any other Defendant for relief from default pursuant to Rule 55(c), Fed. R. Civ. P., shall be filed with the Clerk of the Court and served upon Plaintiffs' counsel within fourteen (14) days of the entry of this Memorandum Opinion and Order upon the docket; and it is further

**ORDERED** that Defendant Suarez may retain New Jersey counsel or represent himself personally and that the other named Defendants may only appear through New Jersey counsel; and it is further

**ORDERED** that Plaintiffs' counsel and Mr. Suarez (or his counsel plus any representative of the corporate entity defendants) shall personally confer in an attempt to resolve these matters amicably within the next four weeks; and it is further

**ORDERED** that the Clerk of Court mail a copy of this Memorandum Opinion and Order to Defendant Alex E. Suarez at his new address: 92 W. Paces Ferry Rd., NW, Unit 8009, Atlanta, GA 30305.

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    U.S. District Judge