IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PARISE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALEX E. SUAREZ, et al.,<br><br>　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>17-6936 (JBS-JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This matter comes before the Court on the motion for default judgment [Docket Item 12] on behalf of Plaintiffs' John Parise ("J. Parise"), Michael Parise ("M. Parise"), and Cooper Beech Financial Group, LLC's ("Cooper Beech" and, collectively, "Plaintiffs"). Default having been entered as to all Defendants, Plaintiffs now seek default judgment under Fed. R. Civ. P. 55(b). Plaintiffs' motion for default judgment will be granted in part and dismissed without prejudice in part, and the Court will enter a Default Judgment in favor of Plaintiffs jointly and against Defendants Alex E. Suarez ("Suarez"), Family Office Partners, Inc. ("FOP, Inc."), Family Office Partners, LLC ("FOP, LLC"), Merchantbanquiers Club, Inc., and Private Borrowers Club II, LLC (collectively, "Defendants"), jointly and severally, in the amount of $300,000.00. The Court finds as follows:

1.  **Factual and Procedural Background.** On or around September 15, 2016, Plaintiffs executed a Directorship and RIA Management Engagement Agreement with Defendant Suarez, as Chairman of Family Office Partners, LLC ("the September 15, 2016 Agreement"). [See generally Ex. E to Docket Item 17.] Under the terms of the September 15, 2016 Agreement, Plaintiffs were to pay Defendant Suarez $150,000.00 in exchange for equity positions in several entities, including The Merchant Bankers Club II, LLC and Private MerchantBankers II, LLC. [Id.]

2.  Plaintiffs filed the Complaint [Docket Item 1] on September 11, 2017, alleging, inter alia, that J. Parise and M. Parise agreed to enter into the September 15, 2016 Agreement and subsequently wire three payments totaling $150,000.00 to Defendants FOP, LLC and FOP, Inc., at Defendant Suarez's direction, as a result of and in reliance on material misrepresentations made to them by Defendant Suarez (Count One), and that Defendant Suarez breached the September 15, 2016 Agreement by failing to perform (Count Two). Plaintiffs seek compensatory damages under against Defendants in the amount of $150,000.00, as well as double damages and attorneys' fees.[1] [Id. at ¶¶ 15-19.] [Id. at ¶ 33, 40.]

---

[1] In the Complaint, Plaintiffs also requested $6,500.00 for commissions allegedly owed to them pursuant to the September 15, 2016 Agreement. [Docket Item 1 at ¶ 33.] During the proof hearing held on October 23, 2018, Plaintiffs conceded that these

2

3. All Defendants were served personally or by registered agents on various dates: Alex E. Suarez, Family Office Partners, Inc., Family Office Partners, LLC, and The Merchant Bankers Club II, LLC on September 26, 2017 [Docket Item 4]; Defendant Private Borrowers Club II, LLC on September 18, 2017 [Docket Item 5]; and Defendant Merchantbanquiers Club, Inc. on October 3, 2017. [Docket Item 6.] No party timely answered or otherwise responded to the Complaint, and Plaintiffs' Request to Enter Default [Docket Item 7] was initially granted by the Clerk of court as to all Defendants on November 21, 2017; however, the Honorable Joel Schneider granted Defendant Suarez's request for a brief extension of time to respond to the pleadings on November 22, 2017 [Docket Item 9], extending the deadline as to him personally until December 22, 2017. [Id.]

4. An attorney, Christian J. Jensen, Esq., filed a letter with Judge Schneider on November 21, 2017 requesting an extension for all defendant corporate entities, which was granted, extending the deadline as to the corporate Defendants to December 22, 2017. [Id.] Attorney Jensen was not heard from

---

payments are subject to an arbitration clause contained within separate agreements executed by and between Plaintiff J. Parise and Defendant Family Office Partners, Inc. on May 1, 2017, and by and between Plaintiff M. Parise and Defendant Family Office Partners, Inc. on May 1, 2017 ("the May 1, 2017 Advisory Representative Agreements"). Accordingly, the Court dismisses these claims for damages without prejudice to pursuing these claims in arbitration in Georgia.

again and has not entered an appearance.[2] When no response was forthcoming, Plaintiffs' request for entry of default against all Defendants was entered on December 28, 2017. [Docket Item 10.]

    5.   Plaintiffs' counsel filed the present motion for default judgment as to all Defendants on May 25, 2018 [Docket Item 12], sending copies of same to Mr. Suarez and to each defendant corporate entity. [Docket Item 12-16.] Defendant Suarez was aware of that motion and opposed it. [Docket Items 13 & 15.] By way of the August 8, 2018 Memorandum Opinion and Order [Docket Item 16], the Court denied Defendant Suarez's letter-applications to set aside default and scheduled a proof hearing on Plaintiffs' default judgment motion for October 23, 2018. The Court also ordered Plaintiffs to file a supplemental submission addressing jurisdiction and venue [id. at ¶ 13], which Plaintiffs timely filed. [Docket Item 17.] The Court further ordered "that any motion by Defendant Alex E. Suarez or any other Defendant for relief from default pursuant to Rule 55(c), Fed. R. Civ. P., shall be filed with the Clerk of Court and served upon Plaintiffs' counsel [by August 22, 2018]." [Docket Item 16 at 9.]

---

[2] Attorney, Jensen, by letter to Mr. DeSimone dated Jan. 3, 2018, refused to accept Plaintiffs' request for entry of default, claiming to not represent any defendant in the action. [Docket Item 12-2.]

4

6. Defendant Suarez mailed a letter to the Clerk of Court dated October 5, 2018 [Docket Item 19], wherein Defendant Suarez acknowledged receipt of the Court's August 8, 2018 Memorandum Opinion and Oder and requested: (1) to make a motion that he be dismissed in his individual capacity; and (2) that the proof hearing be rescheduled. In a Memorandum Opinion and Order dated October 17, 2018 [Docket Item 21], the Court deemed the first portion of Defendant Suarez's October 5th letter as a motion for relief from default pursuant to Rule 55(c) and this Court's August 8th Order. The Court denied this motion on the merits because Defendant Suarez had not shown good cause as to why default against him should be vacated, and instead appeared to be asking the Court to dismiss him from the case simply so that he could gain leverage in settlement negotiations. [Id. at ¶¶ 6-7.] The Court also denied Defendant Suarez's request to adjourn the October 23rd proof hearing because, default having been properly entered against all Defendants, Defendant Suarez did not have a right to appear at the proof hearing. [Id. at ¶ 8.]

7. The Court convened a proof hearing on October 23, 2018. [Docket Item 22.] At this hearing, J. Parise, M. Parise, and Colleen Huff testified on behalf of Plaintiffs, as discussed in more detail below. Neither Defendant Suarez nor anyone else attended the hearing on behalf of Defendants. Plaintiffs subsequently submitted a supplemental brief [Docket Item 24],

addressing several legal issues that arose during the proof hearing. The motion for default judgment is now ripe for disposition.

8. **Standard for Entry of Default Judgment.** Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2); see also Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, Case No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotations and citation omitted). Thus, before granting default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A court must accept as true every

"well-pled" factual allegation of the complaint, but no presumption of truth applies to the plaintiff's legal conclusions or factual assertions concerning damages. Comdyne I. Inc. v. Corbin, 908 F.2d 1149 (3d Cir. 1990); 10 C. Right, A. Miller, & M. Kane, Federal Practice and Procedure (2d ed. 1983), § 2688, at 444.

9. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although a breach of contract would normally be a state law cause of action, see generally Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), this Court has previously stated that

> [t]o establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must show not only diversity of citizenship, but also that the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332(a). "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Feuerstein v. Simpson, 582 F. App'x 93, 98 (3d Cir. 2014) (quoting St. Paul Mercury Indemnity v. Red Cab Co., 303 U.S. 283, 288–89 (1938)). This test requires only minimal scrutiny by the Court and the sole inquiry is whether the plaintiff can recover more than $75,000. Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997). In other words, "[i]n diversity cases, [courts] generally accept a party's good faith allegation of the amount in controversy." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). Therefore,

7

> dismissal based on failure to satisfy the amount in controversy requirement is only warranted "if, from that face of the complaint, it is a 'legal certainty' that the plaintiff cannot recover $75,000, or if, from the proofs, it appears to a legal certainty that the plaintiff is not entitled to that amount." Dolin v. Asian Am. Accessories, Inc., 449 F. App'x 216, 218 (3d Cir. 2011). In cases initiated in federal court, as opposed to those removed from state court, "a defendant challenging the sufficiency of the plaintiff's amount in controversy (through a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure) is required to demonstrate, to a legal certainty, that the plaintiff cannot recovery an amount above the jurisdictional threshold." Heffner v. LifeStar Response of New Jersey, Inc., Civ. 13-00194, 2013 WL 5416164, at *6 (E.D. Pa. Sept. 27, 2013) (citing Onyiuke v. Cheap Tickets, Inc., 435 Fed. App'x 137, 139 (3d Cir. 2011)).

7-Eleven, Inc. v. Maia Inv. Co., No. 14-8006, 2015 WL 1802512, at *10 (D.N.J. Apr. 17, 2015).

10. In this case, Plaintiffs have alleged that Defendants Suarez, FOP, Inc., FOP, LLC, The Merchant Bankers Club II, LLC, Private Merchantbankers II, LLC, and Merchantbanquiers Club, Inc. are residents of Georgia, that Defendant Private Borrowers Club II, LLC is a resident of Delaware, and that Plaintiffs J. Parise, M. Parise, and Cooper Beech are citizens of New Jersey [Docket Item 1 at ¶¶ 1-10], thereby satisfying the complete diversity of citizenship requirement. Additionally, Plaintiffs are seeking a judgment against Defendants in the amount

exceeding $150,000.00 [id. at ¶¶ 15-19], thereby satisfying the $75,000.00 amount in controversy requirement. Plaintiffs' claims are made in good faith, and there has been no evidence presented to contradict Plaintiffs' allegations regarding the parties' citizenship or the amount in controversy. Therefore, this Court has diversity jurisdiction over the present matter. See 7-Eleven, 2015 WL 1802512, at *10.

11. **Legitimate Cause of Action – Breach of Contract.** The Court finds that Plaintiff has asserted and proved a valid cause of action for breach of contract in Count Two. Under Georgia law,[3] "[t]he elements for a breach of contract claim . . . are (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car System, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010). "A breach of contract may arise in any one of three ways, namely: by renunciation of liability under the contract; by failure to perform the engagement; or by doing something which renders performance impossible." Bd. Of Regents of the Univ. System of Ga. v. Doe, 630 S.E.2d 85, 93 (Ga. Ct. App. 2006).

---

[3] The September 15, 2016 Agreement states: "This Agreement shall be enforced under the laws of the State of Georgia." [Ex. E to Docket Item 17 at 6.] Accordingly, Georgia law applies to this dispute.

12. Here, Plaintiffs have shown the existence of two sets of contracts: (1) the September 16, 2016 Agreement [Ex. E to Docket Item 18]; and (2) two separate "Advisory Representative Agreements" executed on May 1, 2017 by and between Plaintiff J. Parise and Defendants Suarez and FOP, Inc. and by and between Plaintiff M. Parise and Defendants Suarez and FOP, Inc. to facilitate "override" payments between Cooper Beech and FOP, Inc. (hereinafter, "the May 1, 2017 Advisory Representative Agreements"). [Exs. F & G to Docket Item 18.] At the proof hearing, counsel for Plaintiffs clarified they seek only damages with respect to the September 16, 2016 Agreement, which as explained below, the Court finds is separate and distinct from the May 1, 2017 Advisory Representative Agreements.

13. Plaintiffs J. Parise and M. Parise testified that they agreed to enter into the September 16, 2016 Agreement with Defendants Suarez and FOP, LLC for the purpose of establishing a business that would loan money to wealthy individuals and families; that Plaintiffs J. Parise and Beechwood paid Defendants Suarez and FOP, LLC $150,000.00 ($20,000.00 via wire transfer from J. Parise's personal TD Bank account to FOP, LLC's Wells Fargo account on October 14, 2016, $80,000.00 via wire transfer from J. Parise's business account to FOP, LLC's Wells Fargo account on October 19, 2016, and $50,000.00 from Copper Beech's business checking account to FOP, Inc's Wells Fargo

Account on February 27, 2017) pursuant to the September 16, 2016 Agreement to fund the formation of the new business; and that Plaintiffs received nothing from Defendants in exchange. Notably, Plaintiffs testified that Defendants failed to form two new entities known as The Merchant Bankers Club II, LLC and Private Merchantbankers II, LLC, and failed to transfer to Plaintiffs an ownership interest in **any** newly formed entities, including FOP, Inc.

14. The Court finds that Plaintiffs have sufficiently claimed and proved resulting harm from these breaches by Defendants, proximately causing damages in the amount of $150,000.00. Therefore, Plaintiffs have sufficiently demonstrated a cause of action for breach of contract to establish Defendants' liability for purposes of this default judgment.

15. **Legitimate Cause of Action – Fraud in the Inducement.** Plaintiffs also allege fraud in the inducement in Count One, which the Court finds has adequately been proven. The tort of fraud within the State of Georgia is defined under O.C.G.A. § 23-2-57, which states "[f]raud may not be presumed but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Moreover, "[w]hile fraud cannot generally be based on instances of misrepresentations as to future events, it may consist of such instances if, when the

misrepresentation is made, the defendant knows that the future event will not take place." Hayes v. Hallmark Apartments, Inc., 207 S.E.2d 197, 199 (Ga. 1974); see also Howard v. Hammond, 355 S.E.2d 390, 392 (Ga. Ct. App. 1995) ("A promise made without a present intent to perform is misrepresentation of a material fact and is sufficient to support a cause of action for fraud.").

16. In Georgia, the tort of fraud has five elements: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." ReMax North Atlanta v. Clark, 537 S.E.2d 138, 141 (Ga. Ct. App. 2000). The Court finds that all five elements have been met here with respect to Defendant Suarez. **First**, Defendant Suarez made material misrepresentations and/or omissions to Plaintiffs, including, inter alia, that FOP, LLC was a viable legal entity within the State of Georgia during negotiations with Plaintiffs in 2016 when, in fact, FOP, LLC had been dissolved as of September 13, 2010. **Second**, Suarez misrepresented to Plaintiffs that he formed the entities known as The Merchant Bankers Club II, LLC and Private Merchant Bankers II, LLC, which were to be utilized in the business to allow Plaintiffs to have equity positions in these companies to share in their profits when in fact Defendant Suarez never

12

formed such entities. **Third**, there is sufficient credible evidence that Defendant Suarez knew these representations and/or omissions to be false, as he, himself, formed FOP, LLC on February 21, 2007, and he had never undertaken the formation of the other entities. **Fourth**, there is also clear evidence that Defendant Suarez made these misrepresentations and/or omissions for the purpose of inducing Plaintiffs to invest $150,000.00 with Defendant FOP, LLC under the terms of the contract, as Defendant Suarez used the defunct entity to perpetrate his fraud when he instructed Plaintiffs to deposit $100,000.00 into a Wells Fargo bank account maintained by the revoked entity, FOP, LLC. **Fifth**, Plaintiffs J. Parise and M. Parise both testified that they relied on Defendant Suarez's misrepresentations and/or omissions when they signed the September 16, 2016 Agreement, and when they wired $150,000.00 to FOP, LLC and FOP, Inc. at Defendant Suarez's direction; but for Suarez's misrepresentation that FOP, LLC and FOP, Inc. were viable entities, Plaintiffs would not have engaged in this transaction. **Sixth**, Plaintiffs sustained $150,000.00 in damages as a result of Defendant Suarez's fraudulent conduct. Accordingly, Plaintiffs have sufficiently demonstrated by direct and circumstantial evidence that Defendant Suarez is liable to them for fraud.

17. The Court further finds that Defendant Suarez made these fraudulent representations to Plaintiffs on behalf of

Defendant Family Office Partners, LLC and Family Office Partners, Inc., and Defendant Suarez, as an officer and director of these entities, is liable to Plaintiffs and cannot hide behind a sham corporate form. Plaintiffs have demonstrated that Defendant Suarez's misconduct gives rise to piercing the corporate veil since Suarez used the corporate form to perpetrate fraud. Here, there was such a unity of interests and ownership between Suarez and Family Office Partners, LLC and Family Office Partners, Inc. that the separate personalities of the corporation and owner no longer existed. <u>Paul v. Destito</u>, 550 S.E.2d 739, 742 (Ga. Ct. App. 2001). Therefore, to facilitate justice, the Court must impose liability upon Defendant Alex E. Suarez and the entities he attempts to hide behind, Family Office, LLC and Family Office Partners, Inc., both of which he solely controlled.

18. **<u>Appropriateness of Default Judgment.</u>** The Court must finally examine whether the entry of default judgment would be proper, taking into consideration whether the parties subject to default have a meritorious defense, the prejudice suffered by the parties seeking default, and the culpability of the parties subject to default. <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 73 (3d Cir. 1987).

19. The Court has <u>sua sponte</u> considered whether an arbitration clause in the May 1, 2017 Advisory Representative

Agreements [Exs. F & G to Docket Item 18 at 6] requires that this dispute be presented to a Georgia arbitrator. According to Plaintiffs' testimony, the September 15, 2016 Agreement was executed to establish a business entity that would loan money to wealthy individuals and families. Pursuant to this Agreement, Plaintiffs wired $150,000.00, at Defendant Suarez's direction, to bank accounts maintained by Defendants FOP, LLC and FOP, Inc between September 15, 2016 and February 27, 2017, and Defendant Suarez was to create several new entities to make these loans. Several months later, on May 1, 2017, Plaintiffs J. Parise and M. Parise entered into separate "Advisory Representative Agreements" with Defendants Suarez and FOP, Inc. (but not FOP, LLC) to facilitate "override" payments between Copper Beech and FOP, Inc. At the October 23, 2018 hearing, Plaintiffs J. Parise and M. Parise testified that these May 1, 2017 Advisory Representative Agreements had nothing to do with the September 15, 2016 Agreement or the $150,000.00 Plaintiffs had wired to the bank accounts maintained by Defendants FOP, LLC and FOP, Inc, and covered an entirely separate business arrangement between Plaintiffs, Defendant Suarez, and FOP, Inc. The Court credits this testimony and finds that Plaintiffs claims (with the exception of the $6,500.00 in owed commissions) are not subject to the arbitration clause in the May 1, 2017 Advisory Representative Agreements.

20. Moreover, as Plaintiffs have no other means to recover damages from Defendants, Plaintiffs will be prejudiced in the absence of default judgment. See Joe Hand Promotions, Inc. v. Waldron, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (noting prejudice to plaintiff "because it has no alternative means of vindicating its claim against the defaulting parties."); Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (inability to "vindicate rights" absent a default judgment constitutes prejudice).

21. Lastly, the Court notes that, as described above, Defendants were all served, but failed to answer Plaintiffs' claims or even enter an appearance in this case. Defendants may be presumed culpable for their inaction. See Lee v. A to Z Trading LLC, No. 12-4624, 2014 WL 7339195, at *3 (D.N.J. Dec. 23, 2014) (finding the defendant's failure to respond despite awareness of the litigation "due to culpable conduct"); Teamsters Health & Welfare Fund, 2012 WL 3018062, at *4 ("Defendant's failure to answer demonstrates Defendant's culpability in its default"); Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (Defendant is presumed culpable where it has failed to answer, move, or otherwise respond). Upon the evidence submitted, Plaintiffs have proved Defendants are liable as alleged.

22. **Damages.** The Court turns now to the question of damages. Where claims arising in fraud and in breach of contract overlap, as here, Georgia law permits a plaintiff to elect a remedy, such as by rescinding the contract and pursuing the fraud claim. Specifically, where as in the present case, a party alleging fraud in the inducement of the contract "has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud." Megel v. Donaldson, 645 S.E.2d 656, 661 (Ga. Ct. App. 2007). A plaintiff claiming fraud in the inducement "must prove both that the defendant failed to perform a promised act and that the defendant had no intention of performing when the promise was made." Nash v. Roberts Ridge Funding, LLC, 699 S.E.2d 100, 116 (Ga. Ct. App. 2010).

23. Fraud damages have been established in the amount of $150,000.00 against Defendants Suarez, Family Office Partners, LLC, Family Office Partners, Inc., Merchantbanquiers Club, Inc., and Private Borrowers Club II, LLC, jointly and severally. Plaintiffs' application for double damages will be granted because Suarez's conduct, on behalf of himself and these shell or non-existent entities, was egregious and calculated. Judgement will be entered in the sum of $300,000.00.

24. **Attorneys' Fees.** Finally, Plaintiffs seek costs and attorneys' fees in relation to this matter. The September 15,

2016 Agreement does not appear to provide for the recovery of attorneys' fees or costs in the event of litigation arising from the agreements. Under Georgia law, however, "where the plaintiff has specially pleaded and has made prayer therefore and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-5-11; see also Paul v. Destito, 550 S.E.2d 739, 749 (Ga. Ct. App. 2001).

25. Defendant Suarez has taken rather elaborate steps to attempt to delay and obstruct the normal resolution of this case, detailed fully in the Court's Memorandum Opinion of August 8, 2018 [Docket Item 16], and incorporated herein. Rather than answering the Complaint, at least on his own behalf, he requested extensions of time and did nothing to comply other than to enroll attorneys, who never actually appeared, to request and receive even more time, never to be heard from again. These ploys cost Plaintiffs in time and money for counsel fees, and caused delays, as the Court had to deal with seriatim requests. [See Docket Items 13, 15, & 19.]

26. The Court finds that Defendant Suarez has acted in bad faith and will, therefore, award attorneys' fees to Plaintiffs in this matter. Consistent with Federal Rule of Civil Procedure 54(d)(2), Plaintiffs may apply for attorneys' fees and costs within fourteen (14) days of entry of the accompanying Default

Judgment and a brief outlining the legal basis for Plaintiffs' recovery of attorneys' fees. Any motion for attorneys' fees must include an affidavit of costs and fees in the format required by Local Civil Rules 54.2(a) & (b).

27. **Conclusion.** For the reasons stated above, the Court will grant Plaintiffs' motion for default judgment in part and dismiss it without prejudice in part. The Court will enter default judgment accordingly in favor of Plaintiffs John Parise, Michael Parise, and Cooper Beech Financial Group, LLC's, jointly, and against Defendants Alex E. Suarez, Family Office Partners, Inc., Family Office Partners, LLC, Merchantbanquiers Club, Inc., and Private Borrowers Club II, LLC, jointly and severally, in the sum of $300,000.00 plus reasonable attorneys' fees (to be determined). An accompanying Order for Default Judgment will be entered.

**December 19, 2018**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge