IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN PARISE, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALEX E. SUAREZ, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>17-6936 (JBS-JS)<br><br>**MEMORANDUM OPINION<br>AND FINDINGS** |

**SIMANDLE, District Judge**:

    This matter comes before the Court on the unopposed motion for attorneys' fees and costs [Docket Item 28] filed by Plaintiffs John Parise, Michael Parise, and Copper Beech Financial Group, LLC (collectively, "Plaintiffs"). For the reasons discussed below, the Court will enter Judgment in favor of Plaintiffs jointly and against Defendants Alex E. Suarez ("Suarez"), Family Office Partners, Inc. ("FOP, Inc."), Family Office Partners, LLC ("FOP, LLC"), Merchantbanquiers Club, Inc., and Private Borrowers Club II, LLC (collectively, "Defendants"), jointly and severally, in the amount of $15,001.90. The Court finds as follows:

    1. The Court previously granted in part and denied in part Plaintiffs' motion for default judgment. Parise v. Suarez, 2018 WL 6705678 (D.N.J. Dec. 19, 2018). As relevant here to awarding attorneys' fees and costs, the Court explained:

> Plaintiffs seek costs and attorneys' fees in relation to this matter. The September 15, 2016 Agreement does not appear to provide for the recovery of attorneys' fees or costs in the event of litigation arising from the agreements. Under Georgia law, however, "where the plaintiff has specifically pleaded and has made prayer therefore and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

Id. at *6 (quoting O.C.G.A. § 13-5-11); see also Paul v. Destito, 550 S.E.2d 739, 749 (Ga. Ct. App. 2001). The Court found that Defendant Alex E. Suarez "has taken rather elaborate steps to attempt to delay and obstruct the normal resolution of this case," as detailed in Parise v. Suarez, 2018 WL 3756427 (D.N.J. Aug. 8, 2018), and "has acted in bad faith." Parise, 2018 WL 6705678, at *6-7. The four entity Defendants - FOP, Inc., FOP, LLC, Merchantbanquiers Club, Inc., and Private Borrowers Club II, LLC – have similarly acted in bad faith by directing attorney Christian J. Jensen, Esq. to file a letter with the Honorable Joel B. Schneider, U.S.M.J., requesting an extension for all defendant corporate entities to respond to the Complaint, which was granted, extending the deadline as to the corporate Defendants to December 22, 2017 [Docket Item 7], only to never respond to the Complaint nor otherwise be heard from again.[1] Parise, 2018 WL 6705678, at *1. Accordingly, the Court awarded attorneys' fees to Plaintiffs and permitted them to, consistent with

---

[1] Attorney Jensen, by letter to Plaintiffs' counsel Mr. DeSimone dated Jan. 3, 2018, refused to accept Plaintiffs' request for entry of default, claiming to not represent any defendant in the action. [Docket Item 12-2.]

2

Rule 54(d)(2), FED. R. CIV. P., apply for attorneys' fees and costs within fourteen days of entry of the Judgment. Id. at *7.

2. Plaintiffs timely filed a motion for attorneys' fees and costs [Docket Item 28], which includes an Affidavit of Services signed by Attorney Ronald DeSimone, Esq. [Docket Item 28-2 at 2-6] and a copy of the Retainer Agreement between Law Offices of Ronald DeSimone and Plaintiffs. [Id. at 13-16.] Plaintiffs served this motion upon Defendant Alex E. Suarez and the four related entity Defendants by regular and certified mail [Docket Item 28 at 2], and no opposition has been received.

3. According to Mr. DeSimone's Affidavit, between June 22, 2017 and December 31, 2018, he billed Plaintiffs for 46.97 hours of work at an hourly rate of $300 per hour. [Id. at 3-6.] Upon careful review of Plaintiffs' submission, which includes a day-by-day, itemized record of the work Mr. DeSimone performed on Plaintiffs' behalf, the Court finds the billing rate to be reasonable and consistent with the norm for such services in this region, see, e.g., Fed. Trade Comm'n v. Circa Direct LLC, 912 F. Supp. 2d 165, 174 (D.N.J. 2012) (finding reasonable hourly rates of $400 for senior partners), and that Mr. DeSimone's time spent was well-documented, reasonable, and necessarily incurred in prosecuting Plaintiffs' rights in this case. Accordingly, the Court finds Plaintiffs' request for fees in the amount of $14,091.00 to be reasonable and fair.

3

4. Plaintiffs also seek reimbursement for certain "costs" incurred in this litigation. [Docket Item 28-2 at 6.] Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 generally permit taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920(1)-(6). The party seeking recover of costs must "provide sufficient information" to demonstrate the compensable nature of the requested costs. N.J. Mfrs. Ins. Grp. v. Electrolux, Inc., 2013 WL 5817161, at *2 (D.N.J. Oct. 21, 2013). The party must further comply with Local Rule 54.1(b), which requires that a request for costs "precisely set forth each [cost] . . . , so that the nature of the charge can be readily understood" and substantiated by "copies of all invoices[.]"

4

5. Here, Plaintiffs seek reimbursement for the following out-of-pocket "costs:"

- $400.00 for filing the Complaint on September 11, 2017;

- $340.00 for a process server on October 23, 2017;

- $146.20 for "[p]ostage" on May 25, 2018; and

- $24.70 for "USPS overnight" on October 18, 2018.

[Docket Item 28-2 at 6.] As noted above, payment of a fee of the Clerk of Court (e.g., the fee for filing a Complaint) is recognized as a cost taxable under 28 U.S.C. § 1920. Moreover, courts in this Circuit have held that costs for private process servers are also taxable under 28 U.S.C. § 1920. See, e.g., Eastern Const. & Elec., Inc. v. Universe Tech., Inc., 2011 WL 53185, at *6 (D.N.J. Jan. 6, 2011); Montgomery Cty. v. Microvote Corp., 2004 WL 1087196, at *3-4 (E.D. Pa. May 13, 2004). Accordingly, the Court will award costs to Plaintiff of $740.00 ($400.00 for the Complaint filing fee and $340.00 for a process server) pursuant to Federal Rule of Civil Procedure 54, 28 U.S.C. § 1920, and Local Rule 54.1.

6. Plaintiffs' remaining requests for "costs" are not among those listed in 28 U.S.C. § 1920. The Court will, instead, treat them as "related nontaxable expenses" under Federal Rule of Civil Procedure 54 and Local Civil Rule 54.2. Having reviewed Plaintiffs' request for reimbursement, the Court finds these expenses ($146.20 for postage and $24.70 for USPS overnight) were reasonably and

necessarily incurred. Accordingly, the Court also finds the request for expenses in the amount of $170.90 to be reasonable and fair.

7. In sum, the Court will award attorneys' fees in the amount of $14,091.00, costs in the amount of $740.00, and expenses in the amount of $170.90, and enter Judgment for Attorneys' Fees and Costs in the aggregate amount of $15,001.90.

8. The accompanying Judgement will be entered.


**April 16, 2019**              **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                   U.S. District Judge